BONG v. ALFRED S. CAMPBELL ART CO.

(Circuit Court of Appeals, Second Circuit. May 30, 1907.)

No. 275.

COPYRIGHT—PAINTING—ASSIGNMENT OF RIGHT.

Where the author or owner of a painting is a citizen or subject of a foreign nation having no reciprocal copyright relations with the United States, and therefore not entitled to copyright such painting under Rev. St. § 4952 [U. S. Comp. St. 1901, p. 3406], as amended by Act March 3, 1891, c. 565, 26 Stat. 1110 [U. S. Comp. St. 1901, p. 3417], he cannot, while retaining the painting itself, convey such right to another.

In Error to the Circuit Court of the United States for the Southern District of New York.

M. J. Kohler, for plaintiff in error.

Baggott & Ryall, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. This is an action under the copyright statutes to recover penalties and forfeiture for infringement of alleged copyright of a painting. Verdict in favor of defendant was directed by the court upon the pleadings and opening. It thereby appeared that one Hernandez was the author of the painting, and that he was and always had been a citizen of Peru. The plaintiff is a citizen and subject of Germany. Section 13 of the act of March 3, 1891, 26 Stat. 1110, c. 565 [U. S. Comp. St. 1901, p. 3417], amending Rev. St. § 4952 [U. S. Comp. St. 1901, p. 3406], provides that the copyright act shall apply only to a citizen or subject of a foreign state or nation when such foreign state or nation permits to citizens of the United States the benefit of copyright on substantially the same basis as its own citizens, or when such foreign state or nation is a party to an international agreement which provides for reciprocity in the granting of copyright, by the terms of which agreement the United States of America may at its pleasure become a party to such agreement. The existence of either of the conditions aforesaid shall be determined by the President of the United States by proclamation made from time to time. No such proclamation has ever been made as to Peru. It is conceded that Germany is within the terms of the section. Prior to November, 1902, Hernandez executed documents purporting to convey to the plaintiff the right to enter the painting in his (plaintiff's) own name as proprietor for copyright protection in the United States, and also the exclusive right of reproduction in colors, and also the exclusive right of engraving, etching, and lithography in black and in colors, reserving, however, the right of photography and reproduction by all photographic monochrome processes. Thereafter plaintiff took the usual steps to secure copyright of the painting. For aught that appears the painting still belongs to Hernandez.

The peculiar form of assignment of rights of reproduction, conveying part and reserving part, presents an interesting question which need not be here discussed. The concessions as to citizenship are sufficient to dispose of the case. It has been held that when a person is

the author or proprietor of a painting, and has the right under our statute to secure a copyright on the same, he may separate the two, selling the right to take out a copyright to one person, while he himself retains the original painting, or sells it, without copyright privileges, to another person.  We know of no authority which holds that when a person is the author or owner of a painting, but has no right under our statutes to secure a copyright here, he may nevertheless, while retaining the painting, convey to some one else what he does not own himself, viz., the right to take out copyright.  In the absence of controlling authority we are unwilling so to hold, believing that such a construction would be judicial legislation defeating the very object which Congress, by the thirteenth section above cited, sought to obtain.

The judgment is affirmed.